UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

PERCY C. JEFFERSON,

Defendant.

Case No. 06-cr-40029-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 843).

**I. Background**

On May 10, 2013, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. The Court sentenced the defendant under the statutory ranges set forth in 21 U.S.C. § 841(b)(1)(A)(iii). The United States of America ("Government") filed an Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851 alleging that defendant had been convicted of Unlawful Manufacture/Delivery of a Controlled Substance in Kankakee County, Illinois, Case No. 98-CR-9, prior to the instant offense. (Doc. 570). At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of six (6) kilograms of crack cocaine (Docs. 595, 600); *see* PSR ¶ 71. Defendant's offense level was 33 and a criminal history category V, which resulted in 210 to 262 months' imprisonment. However, due to the § 851 enhancement, the effective guideline range was 240-262 months' imprisonment. (Doc. 596).

1

On September 10, 2013, at sentencing, the Government indicated that the "law has changed," referencing the fact the "triggering amount" for the highest sentencing range on crack cocaine changed from 50 grams to 280 grams. (Doc. 846 at 3). While the Government noted it could have "superseded" the indictment to "put in the 280 grams," it did not do so, and in fact, made concessions to the defendant "agreed that his relevant conduct was in excess of 280 grams. *Id*.

The Court imposed the low-end guideline and mandatory-minimum sentence of 240 months' imprisonment, 10 years supervised release, $200 fine, and a $100 special assessment. (Doc. 597). Defendant has been incarcerated since September 12, 2012 – approximately 114 months.

II. Analysis

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense,

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this

but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty). Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well. *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act. His conviction is the type of conviction covered by § 404 of the First Step Act. He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C § 841(b)(1)(A)(iii)/841(b)(1)(B)(iii). *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021) (also holding it did *not* modify the statutory sentencing range set

---

Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

forth in 21 U.S.C. § 841(b)(1)(C)), under which he was sentenced. Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offense qualifies as a covered offense under the First Step Act. *See Shaw*, 957 F.3d at 739. Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"). Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request. Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, the Court may consider those factors in its exercise of discretion. *United States v. Fowowe*, 1 F.4th 522, 524 (7th Cir. 2021) ("We hold that § 404(b) authorizes but does not require district courts to apply an intervening judicial decision in evaluating First Step Act motions."); *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).[2] Indeed, it must determine the new

---

[2] Since this decision came into effect, the Court notes that the Supreme Court of the United States decided in *Concepcion v. United States*, the First Step Act "requires district courts to consider intervening changes when parties raise them. 142 S. Ct. 2389, 2396, L.Ed.2d (2022). But the First Step Act does not "does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *Id.*; *United States v. Moore*, No. 21-

sentencing statutory and guideline parameters to inform its exercise of discretion. *United States v. Blake*, No. 20-2145, 2022 WL 31791, *2 (7th Cir. Jan. 4, 2022) (*per curiam*) (citing *Corner*, 967 F.3d at 665).

The parties are in disagreement over a few matters relevant to the Court's discretion to reduce defendant's sentence. Namely, defendant argues he was sentenced pursuant to a defective § 851 enhancement and should never have qualified for recidivist sentencing enhancement. The Government argues that this error is properly addressed in a proceeding pursuant to 28 U.S.C. § 2255. Additionally, the Government argues the § 3553(a) factors advise this Court to reduce defendant's sentence to 210 months' imprisonment. Defendant argues his sentence should be reduced to time served and a term of supervised release.

### a. Whether First Step Act is Proper Vehicle for Defective § 851

The Court takes each of these arguments in turn. Defendant argues that at the time of sentencing § 841(b)(1)(A) was applied upon relevant conduct amount of 6 kilograms of crack cocaine. That provision provided for a mandatory minimum of 20 years' imprisonment if the defendant had a prior conviction. In the Government's § 851, it stated defendant was charged, pled, and sentenced to 1 year with unlawful manufacture/delivery of controlled substance in Kankakee County Circuit Court. (Doc. 570). However, this charge was nolle pros'd[3], or dismissed, and defendant was never convicted of the drug charge. The § 851, as Government concedes, is in error. (Doc. 846 at 8). The defendant actually pled guilty to Count 2 in the of the Kankakee case, possession of a weapon (stun gun). *Id.*; PSR, ¶ 71.

While the Government concedes that the § 851 is defective, it argues that this error cannot be remedies pursuant to the First Step Act but can only be addressed in a 28 U.S.C. § 2255

---

2431, 2022 WL 2914736, at *7 (7th Cir. July 25, 2022).
[3] The qualifying offense was nolle prossed or dismissed by the State on 10/09/2001. (Doc. 846 at 8).

proceeding. (Doc. 846 at 9). Defendant argues that a district court is authorized "to apply intervening judicial decisions when exercising its discretion to reduce a petitioner's sentence under the First Step Act § 404(b)." *United States v. Fowowe*, 1 F.4th 522, 534 (7th Cir. 2021). Defendant posits that this Court "has broad latitude to consider all factors that impact a defendant's sentence range." (Doc. 848 at 2).

First, the Court agrees with the Government. A § 2255 is available to correct "an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)); *United States v. Harris*, 807 F. App'x 896, 898 (11th Cir. 2020) ("Harris's arguments pertaining to a constructive amendment of his indictment and the claim that the jury actually found him guilty of crack cocaine offenses are inappropriate in the context of an appeal of the denial of a motion to reduce his total sentence, but rather should be raised in a § 2255 motion to vacate."). However, whether or not *Mathis*, an intervening judicial decision, can be applied in this case will be evaluated below.

b. *Mathis* **Categorical Approach**

On July 25, 2022, the Seventh Circuit Court of Appeals issued a decision regarding a district court's decision to not apply *Mathis* to § 851 statutory enhancement. While the Seventh Circuit affirmed the district court's decision *not* to use its discretion to apply "intervening judicial decisions – such as *Mathis*," to § 851, the Court noted it would have been correct had the Court applied *Mathis* to the § 851 enhancement. *United States v. Moore*, No. 21-2431, 2022 WL 2914736, at *3 (7th Cir. July 25, 2022) ("The court acknowledged *correctly* that in acting on a First Step Act motion, it was permitted to apply intervening judicial decisions—such as *Mathis*— but it said explicitly that 'the Court will not do so here.' It is hard to imagine why the court would

have applied that logic to the guideline designation but not to the statutory enhancement.") (emphasis added). This language from the Seventh Circuit contradicts the Government's contention that *Mathis* categorical approach cannot be applied. Specifically, the Government stated, "undersigned's research has yielded no authority to allow this Court to address a defective § 851 enhancement pursuant to the First Step Act." (Doc. 846 at 9). However, while the Court cannot correct the fact the Government relied on § 851 that relied upon a dismissed case under a First Step Act motion, the Court will use its discretion to apply *Mathis* categorical approach to the statutory enhancement in this case.

Defendant argues that even if the § 851 is applicable, under *Mathis* categorical approach, the drug offense listed in the § 851 would no longer support a recidivist sentence. Because the Court will not consider the § 851 defective because it was dismissed, the Court will evaluate whether or not this conviction can support the recidivist sentence enhancement under *Mathis* reasoning. The Seventh Circuit has held "that even small differences between the scope of federal and state drug laws (e.g., just which isomers of cocaine or methamphetamine are covered, or whether a state's list of controlled substances includes one or two items not covered by federal law)… may control the statutory enhancements." *United States v. Moore*, No. 21-2431, 2022 WL 2914736, at *7 (7th Cir. July 25, 2022). However, "those possibilities usually have little to say about a recidivist defendant's moral culpability and potential for future offenses—issues that a district judge might reasonably deem more salient in exercising discretion in applying the sentencing factors under § 3553(a)." *Id*.

There are three steps the Court must undertake. First, courts determine whether the state law is a categorical match with the relevant federal definition. *Taylor v. United States*, 495 U.S. 575, 599-600 (1990). Here, the Court looks at whether the elements of the state law are narrower

than federal statute. If there is no match, the Court determines whether the state statute is divisible. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017). A statute is divisible if it "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013). In step three, the court applies a "modified categorical approach" where it looks to certain state documents to determine which part of the statute the individual was convicted. If the documents reveal that the individual was convicted of elements satisfying the federal definition, the state conviction can serve as a predicate offense. *Shepard v. United States*, 544 U.S. 13, 16 (2005).

In the categorical approach, the Court "look[s] solely to whether the elements of the crime of conviction match the elements of the federal recidivism statute. If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020), cert. denied, 141 S. Ct. 1239, 208 L. Ed. 2d 630 (2021) (cleaned up). In *Ruth*, the court looked at the Illinois drug statutes, particularly related to cocaine. The Illinois statute makes it unlawful to possess with intent to deliver "1 gram or more but less than 15 grams of any substance containing cocaine, or an analog thereof." *Id*.; 720 ILCS 570/401(c)(2). Illinois cocaine includes "optical, positional, and geometric isomers." *Ruth*, 966 F.3d at 647 (720 ILCS 570/206(b)(4)). Federal law defines cocaine to include only "optical and geometric isomers." *Ruth*, 966 F.3d at 647 (21 U.S.C. § 812, Schedule II(a)(4); *see also id*. § 802(14); *id*. § 802(17)(D)). The Seventh Circuit concluded that cocaine in the state offenses in Illinois is broader than federal cocaine. *Id*.

Next, the Court determines if the statute is divisible. As defendant argues, the offense which defendant was enhanced by, Illinois delivery/manufacture of a controlled substance (cocaine) 720 ILCS 570/401(d), contains a catchall for narcotics that are classified in Schedules I

or II. 720 ILCS 570/401(d) ("Any person who violates this Section with regard to any other amount of a controlled or counterfeit substance containing dihydrocodeine or classified in Schedules I or II, or an analog thereof…"). The Court finds the state statute is broader and indivisible of the federal statute. The offense in the § 851 for Illinois delivery/manufacture of a controlled substance (cocaine) of 720 ILCS 570/401(d) does not qualify as a "felony drug offense" under § 841 recidivist-sentencing provisions.

   c. *Apprendi* **Waiver**

The Government argues that the defendant's guideline application in this case is 168 months - 210 months, in particular "given the concessions and stipulations made by the Defendant at the time of disposition of his case, and acknowledgment and stipulation of the applicability of the Fair Sentencing Act at the time of his sentencing." (Doc. 846 at 9). The Court agrees. Upon review of the plea colloquy, it is *clear* Defendant knowingly and voluntarily waived his *Apprendi* rights. Specifically, he waived any rights to state the amount of cocaine in the indictment was less than 280 grams, and therefore, he was subject to the changes in the law from the First Step Act.

> Amanda Robertson: Based on the Government's concessions, the Government agreed to stipulate to all of those, therefore, the defendant has waived any argument that the Indictment should have been amended to allege 280 grams. And I believe both defense counsel and the defendant will agree that they have, in fact, waived the 50-gram/280-gram argument.
> …
> The Court: Okay. Have any treats or promises been made to you in an effort to induce you to waive that issue that Miss Robertson has, has raised because of the change in the law?
> Defendant: No.
> The Court: Okay. Are you waiving that as your own free and voluntary act?
> Defendant: Yes.
> The Court: The Court is satisfied that the defendant has knowingly and voluntarily waived any issue regarding the 50 grams versus 280 grams during the change in the law regarding the triggering of the mandatory minimum.

The Court finds that defendant waived his *Apprendi* rights. *Blakely v. Washington*, 542

U.S. 296 (2004) ("But nothing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.").

   d. **Sentence of defendant**

Defendant has base offense level 34 with a 3-level decrease for acceptance of responsibility, resulting in a total offense level of 31; with a criminal history category V and a guideline range of 168 to 210 months' incarceration. U.S. Probation has reevaluated and revised defendant's calculations pursuant to the First Step Act. *See* U.S. Probation Worksheet, (Doc. 843-1). Based on defendant's waiver of his *Apprendi* rights during the plea colloquy, the Court finds defendant waived his right to object to the amount of cocaine in the indictment being less than 280 grams. However, based on *Mathis* categorical approach, the Court finds the § 851 recidivist enhancement was in error. Therefore, defendant's statutory range is 10 years – life. Defendant's new guideline range is 168 months – 210 months. *Id*.

| Section 841 | Quantity | No prior offense | 1 prior offense |
|---|---|---|---|
| (b)(1)(A) | > 280 grams | 10 years – life | 15 years - life |
| (b)(1)(B) | > 28 grams | 5-40 years | 10 years – life |
| (b)(1)(C) | Any | 0-20 years | 0-30 years |

   e. **3553 (a) factors**

An evaluation of the § 3553(a) factors justify the imposition of 192 months and 5 years supervised release. Defendant is 44 years old, has only incurred four disciplinary actions during his time while incarcerated, earned his GED, and consistently maintained employment in the BOP from 2013-present. (Doc. 843 at 10-22); (Doc. 843-2).

However, defendant's crime was serious. He was a major crack cocaine supplies in Murphysboro, IL. PSR, ¶¶ 38, 39, 40. Many of his co-conspirators involved were young juveniles. PSR, ¶¶ 28, 29, 48, 49.

A sentence of 192 months imprisonment is sufficient, but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a), including the serious nature of the offense, history if the defendant. Additionally, a sentence of 192 months and five years supervised release will promote respect for the law; and will protect the community from future crimes of this defendant.

**IT IS SO ORDERED.**
**DATED:  August 5, 2022**

                                                  **/s/   J. Phil Gilbert**
                                                  **J. PHIL GILBERT**
                                                  **U.S. DISTRICT JUDGE**